IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY RALPH ABRARIA,

      Plaintiff,                    No. 2:12-cv-0468 JAM KJN P

    vs.

TONY ROSS,

      Defendant.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff challenges an incident that allegedly occurred prior to his incarceration in state prison. Naming only Tulelake Chief of Police (Siskiyou County), Tony Ross, as a defendant in this action, plaintiff alleges in full (Dkt. No. 1 at 3) (sic):

> On April 1st 2011 Tulelake Police Dept. stoped me in front of my residentes. Tony Ross Reported to the incident. I was arrested. My car taken from my Fiancee & house Key's. Car was Impound for No Reason. My incarceration cancled my wedding & lost my car.

The complaint does not appear to state a prisoner federal civil rights claim; certainly, plaintiff is not complaining about the conditions of his state prison confinement. Rather, plaintiff is challenging the allegedly unwarranted action of Tulelake Police Chief Ross in confiscating plaintiff's vehicle, incident to plaintiff's arrest. Although Ross may, generally, be a proper defendant in a civil rights challenge to his officially-sanctioned conduct, see e.g. Monell v. Department of Social Services, 436 U.S. 658, 693-94 (1978), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, if plaintiff is alleging an officially unauthorized deprivation, he presumably has, or had, a meaningful postdeprivation remedy in a state tort claim filed pursuant to the California Tort Claims Act. On the other hand, if plaintiff is alleging an officially authorized deprivation, he may be able to state a potentially cognizable due process claim, presumably outside the prisoner

1 civil rights context.  See e.g. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); Knudson
2 v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

3       At present, the court finds the allegations in plaintiff's complaint so vague and
4 conclusory that it is unable to determine whether the current action is frivolous or states a claim
5 for relief.  The complaint does not contain "a short and plain statement of the claim showing that
6 the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal
7 Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendant, and
8 state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d
9 646, 649 (9th Cir. 1984).  Because plaintiff has failed to comply with the requirements of Fed. R.
10 Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
11 amended complaint outside the prisoner civil rights context.

12       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
13 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
14 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms
15 how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983
16 unless there is some affirmative link or connection between a defendant's actions and the
17 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
18 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
19 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
20 268 (9th Cir. 1982).

21       In addition, plaintiff is hereby informed that the court cannot refer to a prior
22 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
23 an amended complaint be complete in itself without reference to any prior pleading.  This
24 requirement exists because, as a general rule, an amended complaint supersedes the original
25 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
26 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

5. Upon review of plaintiff's Amended Complaint, the court will determine whether this case should remain designated a prisoner civil rights case.

6. Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: June 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

abra0468.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY RALPH ABRARIA,

       Plaintiff,                No. 2:12-cv-0468 JAM KJN P

   vs.

TONY ROSS,                   NOTICE OF AMENDMENT

       Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____     Amended Complaint

_____      _____

Date                                                  Plaintiff