IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY RALPH ABRARIA,

      Plaintiff,                    No. 2:12-cv-0468 JAM KJN P

   vs.

TONY ROSS,

      Defendant.             FINDINGS AND RECOMMENDATION

_____/

       Plaintiff is a California state prisoner, incarcerated at La Palma Correctional Center in Eloy, Arizona. On June 28, 2012, this court granted plaintiff's application to proceed in forma pauperis, and dismissed plaintiff's six-sentence complaint with leave to file an Amended Complaint. (Dkt. No. 12.) Pursuant to the court's order, plaintiff has timely submitted an Amended Complaint that provides in full (Dkt. No. 15 at 1) (sic):

> April 1 2011 around 430 pm Abraria was pulled over in front of his residents. Tulelake Police office (name unknow) tells Abraria his probation officer violated his probation, reason unknow. Tony Ross [identified in plaintiff's original complaint as the Tulelake Police Chief] arives at the sean. Abaria granted a search of his car to the unknow officer. After a very elabrit search the officer stated nothing illagel was in the car, nothing on Abrari's person. Tony Ross, stated "I called Dorris Towing and was impounding the car." Abraria asked his reason for this, Tony Ross shruged his shoulders said "Because he could."

1 | Violated my Fourtenth Amendment.  Abraria's protected liberty
2 | interest against excessive punishment.  He may be deprived of his liberty only to an extent authorized by state statute.

3 | In two weeks Abraria was let out of Siskiyou County Jail.  There
4 | was no profe of a violation Abraria could not pay the cost to get his car out of impound.

Pursuant to these allegations, plaintiff appears to contest two matters -- the allegedly arbitrary impounding of his car, and the allegedly arbitrary detention of plaintiff.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

As the court explained in its prior order, an allegedly improper deprivation of property may state a potentially cognizable civil rights claim if premised on the assertion that the deprivation was officially sanctioned, but not on the assertion that the deprivation was random or unauthorized, in which case plaintiff may pursue a state tort claim.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Bretz v. Kelman, 773 F.2d 1026 (9th Cir. 1985).  (See also Dkt. No. 12 at 3-4.)  "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.  Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.  This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." Zinermon v. Burch, 494 U.S. 113, 126 (1990).  Plaintiff's general allegations that the taking and

impounding of his car was arbitrary, i.e. random and unauthorized, do not state an actionable federal civil rights claim.

Similarly, the Amended Complaint does not state a potentially cognizable claim based on plaintiff's alleged denial of liberty, i.e. unlawful arrest and detention. "An officer has probable cause to make a warrantless arrest when the facts and circumstances within his knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime. The analysis involves both facts and law. The facts are those that were known to the officer at the time of the arrest. The law is the criminal statute to which those facts apply." Rosenbaum v. Washoe County, 663 F.3d 1071, 1076 (9th Cir. 2011) (citations omitted). The Amended Complaint does not allege sufficient facts to state a claim that the arresting officer failed to meet these standards. Moreover, plaintiff's concession that he was on probation during the relevant events undermines his allegation that there was "no proof of a violation."[1] Absent an allegation that the officers were unaware of plaintiff's probation status, no proof of an independent legal violation may have been required. See e.g. United States v. Knights, 534 U.S. 112 at 118-19 (2001) (probationer necessarily accepts probation search conditions).

Despite an opportunity to amend his complaint, plaintiff has again failed to set forth sufficient facts to state a potentially cognizable civil rights claim. The court finds that further amendment of the complaint would be futile. Although the Federal Rules adopt a flexible pleading policy, a complaint must state the elements of the asserted claims plainly and succinctly, and give fair notice to each defendant of the claims against them. Fed. R. Civ. P. 8(a)(2) (complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has again failed to comply with these requirements, this action should be dismissed. 28

---

[1] The court also notes that plaintiff has been incarcerated under the authority of California Department of Corrections and Rehabilitation ("CDCR") since November 29, 2011, as indicated by a review of CDCR's Inmate Locator website.

U.S.C. § 1915A(b)(1).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ abra0468.f&r.dsms